UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CLINTON LEE WILSON, #339215, #1096811

    Petitioner,

v.

               ACTION NO.
               2:09cv177

GENE M. JOHNSON,

    Respondent.

# UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Clinton Lee Wilson ("Wilson") was convicted in the Circuit Court of the City of Portsmouth of malicious wounding and was sentenced to a term of ten years imprisonment, two of which were suspended. Wilson's direct appeal of his conviction to the Virginia Court of Appeals was denied on July 22, 2005. His petition for rehearing was denied November 22, 2005. The Supreme Court of Virginia denied his petition for appeal on May 9, 2006.

On September 13, 2006, Wilson filed a habeas petition in the Circuit Court for the City of

Portsmouth. That court denied his petition by order dated May 19, 2008, and the Supreme Court of Virginia denied his appeal on November 7, 2008.

Wilson, presently in the custody of the Virginia Department of Corrections at the Nottoway Correctional Center in Burkesville, Virginia filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 15, 2009. [Doc. No. 1]. On August 5, 2009, respondent filed a Rule 5 Answer and Motion to Dismiss. [Doc. No. 20]. Wilson filed a response to the Motion to Dismiss on August 25, 2009. [Doc. No. 23]. Accordingly, this matter is now ripe for adjudication.

**B. Grounds Alleged**

Wilson asserts the following entitle him to relief under 28 U.S.C. § 2254:

(1) he was denied effective assistance of counsel because:

 (i) counsel has a duty to investigate and develop facts in preparation for his client's defense;
 (ii) counsel has a duty to call for witnesses in [the] defense['s] favor;
 (iii) counsel has a duty to gather and present evidence to support his client's defense;
 (iv) counsel has a duty to ensure fairness is provided to his client['s] defense;
 (v) counsel has a duty to present mitigating evidence and that right is protected by the Constitution;
 (vi) counsel has a duty to present evidence of plaintiff's (bad character). Va. Code. 19.2-270.6. [Pet. at 6] [Doc. No 1].

(2) his Sixth Amendment (right to a speedy trial), (right to cross-examine witness[es] against [him]) was violated because:

 (i) the Sixth Amendment guaranteed the petitioner the right to a speedy trial;
 (ii) excessive delay in the appellate process may also rise to a (due process violation);
 (iii) the Confrontation Clause of the Sixth Amendment requires the opportunity to cross-examine the witness[es] against[so] that a proper defense can be prepared;
 (iv) the Compulsory Process Clause grants a defendant the right to offer

testimony of favorable witnesses and compel their attendance at trial. [Pet. at 7-8].

(3) (Fifth and Fourteenth Amendment Violations) Prosecutorial errors. [Pet. at 9].

(4) Trial Court error (Fifth and Fourteenth Amendment violations). [Pet. at 11].

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

To begin, in order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. *See* 28 U.S.C. § 2254(b) (2009). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

In addition to the fourteen allegations of ineffective assistance of counsel raised in his original state habeas petition, Wilson's July 9, 2008 appeal to the Supreme Court of Virginia for a writ of habeas corpus contained three assignments of error. First, Wilson argued that the "[s]tate court['s] decision was based on an unreasonable determination of facts in light of the evidence presented as to [his] claim of Sixth Amendment Violations[1] (2254(d)(2))." Second, he argued his "claim of prosecutional [sic] misconduct was not concluded and or breifed [sic] in [the] state court[']s final

---

[1] Importantly, the Sixth Amendment violations alleged in the appeal of his state habeas petition relate strictly to effective assistance of counsel, and not the speedy trial or confrontation clause claims addressed in his federal habeas petition.

3

determination (order)." Lastly, "[his] claim of trial court errors, were not concluded and or breifed [sic] in state court[']s final determination (order)." [State Habeas Pet. For Appeal at 4]. For the purpose of this federal petition, these claims can be summarized as allegations of, (a) ineffective assistance of counsel, (b) prosecutorial misconduct, and (c) trial court errors.

Meanwhile, in this habeas petition Wilson asserts four grounds as the basis for relief. Substantively, these include: (1) ineffective assistance of counsel; (2) violations of his Sixth Amendment rights to a speedy trial and the opportunity to cross-examine witnesses; (3) prosecutorial errors in violation of the Fifth and Fourteenth Amendments; and (4) trial court errors in violation of the Fifth and Fourteenth Amendments. *See supra* Part I-B.

In comparing Wilson's federal habeas petition with his state petition, one outlier is manifest. It is clear that Wilson did not raise his Sixth Amendment claim of violations of his right to a speedy trial and right to confront witnesses with the Supreme Court of Virginia. As a result, under the exhaustion provision of the statute, that issue is not properly before this Court. *See* 28 U.S.C. § 2254(b)(1)(A). As *Pruett* explains, "[t]his requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing." 771 F. Supp. at 1436.

That explanation notwithstanding, the statute does provide an exception to allow non-exhausted claims to go forward in federal court under limited circumstances. The statute provides that "a State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement *unless* the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3) (2009) (emphasis added). Furthermore, as *Jenkins v. Fitzberger* informs, "the exhaustion requirement of 28 U.S.C. § 2254 'is not a jurisdictional concept but simply a flexible

determination (order)." Lastly, "[his] claim of trial court errors, were not concluded and or breifed [sic] in state court[']s final determination (order)." [State Habeas Pet. For Appeal at 4]. For the purpose of this federal petition, these claims can be summarized as allegations of, (a) ineffective assistance of counsel, (b) prosecutorial misconduct, and (c) trial court errors.

Meanwhile, in this habeas petition Wilson asserts four grounds as the basis for relief. Substantively, these include: (1) ineffective assistance of counsel; (2) violations of his Sixth Amendment rights to a speedy trial and the opportunity to cross-examine witnesses; (3) prosecutorial errors in violation of the Fifth and Fourteenth Amendments; and (4) trial court errors in violation of the Fifth and Fourteenth Amendments. *See supra* Part I-B.

In comparing Wilson's federal habeas petition with his state petition, one outlier is manifest. It is clear that Wilson did not raise his Sixth Amendment claim of violations of his right to a speedy trial and right to confront witnesses with the Supreme Court of Virginia. As a result, under the exhaustion provision of the statute, that issue is not properly before this Court. *See* 28 U.S.C. § 2254(b)(1)(A). As *Pruett* explains, "[t]his requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing." 771 F. Supp. at 1436.

That explanation notwithstanding, the statute does provide an exception to allow non-exhausted claims to go forward in federal court under limited circumstances. The statute provides that "a State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement *unless* the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3) (2009) (emphasis added). Furthermore, as *Jenkins v. Fitzberger* informs, "the exhaustion requirement of 28 U.S.C. § 2254 'is not a jurisdictional concept but simply a flexible

matter of comity,' . . . the federal courts may in the interest of justice and expedition accept waiver of exhaustion by the state." 440 F.2d 1188, 1189 (4th Cir. 1971) (internal citations omitted). The issue of exhaustion, as it relates to waiver, only applies in this case because the Respondent admitted that "the petitioner has exhausted his state remedies with respect to these claims," [Br. Mot. Dismiss at 2] [Doc. No. 21], thus suggesting that all four claims are appropriate for federal review.

Despite the Respondent's admission regarding the status of Wilson's claims, however, he importantly notes that they are exhausted for one of two reasons. Either Wilson exhausted his state remedies before the Supreme Court of Virginia by presenting that court with the alleged violations of his constitutional rights (in which case all the claims would be appropriate for federal review) or, he would be precluded from presenting the claims under Virginia Code §§ 8.01-654(A)(2) (state habeas statute of limitations)[2] and (B)(2) (state habeas statute barring successive petitions) if he were to return to state court, [Br. Mot. Dismiss at 2-3], thus constituting a procedural default. What is of the utmost importance in analyzing Wilson's Sixth Amendment claims here, is the rule that if a claim was not exhausted in state court, but would be procedurally barred if brought in state court at the time federal habeas relief is sought, federal courts can treat the claim as if it were procedurally defaulted in the state courts. *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000). Furthermore, if a claim is procedurally defaulted on independent and adequate state procedural grounds, then it is not subject to review in a federal district court. *See Coleman v. Thompson*, 501 U.S. 722, 748 (1991); *Breard*

---

[2] "A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." VA. CODE ANN. § 8.01-654(A)(2) (2009). Wilson filed his federal habeas petition, for the first time alleging Sixth Amendment violations, on April 15, 2009, approximately thirty-five months after the Supreme Court of Virginia's denial of his direct appeal.

*v. Netherland*, 949 F.Supp. 1255, 1263 (E.D.Va. 1996). In sum, the combined rule boils down to the idea that new claims of error cannot be brought for the first time on federal habeas review unless the state expressly waives the exhaustion requirement. Still, even in such cases, if the waiver would lead to a procedural default on independent state grounds, then federal review is not appropriate, and the claim should be treated as both exhausted and defaulted. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

Here, three of Wilson's four federal habeas claims were addressed in his original state habeas petition and his appeal of that petition to the Supreme Court of Virginia; they were, (a) ineffective assistance of counsel, as alleged in grounds (1) - (i), (iii) & (vi), (b) prosecutorial misconduct, and (c) trial court errors. Wilson's Sixth Amendment speedy trial, confrontation clause, and ineffective assistance of counsel claims as alleged in grounds (1) - (ii), (iv), & (v) were never presented to the Supreme Court of Virginia. If Wilson were to bring these claims in the Virginia courts, they would be procedurally defaulted under Virginia Code §§ 8.01-654(A)(2) & (B)(2). As such, this Court views Wilson's previously unarticulated claims of Sixth Amendment violations regarding speedy trial and witness confrontation as procedurally defaulted and not properly before the Court for the reasons stated above. The original constitutional claims in Wilson's petition may be addressed, leaving ineffective assistance of counsel, prosecutorial error, and trial court error as the only claims previously submitted to the Virginia Supreme Court and proper for review in this Court.

**B. Standard of Review**

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2009). The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389.

Additionally, with respect to claims of ineffective assistance of counsel, the controlling standard is found in the venerable case of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires the Virginia Supreme Court to analyze the petitioner's claims under a two-prong test: competence and prejudice. To have granted relief, the Virginia Supreme Court would have to have found that (1) Wilson's counsel's performance fell below the range of competence demanded of lawyers in criminal cases, *Strickland*, 466 U.S. at 690 (the "competence prong" of the test); and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different. *Strickland*, 466 U.S. at 694 (the "prejudice prong" of the test). Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In order to recommend granting Wilson relief on his ineffective assistance of counsel claims, this Court must find that the Virginia Supreme Court's dismissal of his claims was an unreasonable application of *Strickland*.

## C. Merits

*Ineffective Assistance of Counsel*: Wilson's first claim concerns allegations of ineffective assistance of counsel. Wilson, incoherently, and inconsistently, enumerates a series of grievances which, he alleges, deprived him of effective assistance of counsel. Of the six sub-allegations to this broader, alleged, Sixth Amendment violation, only three were briefed in his petition for appeal to the Supreme Court of Virginia. *See supra* Part I-B. For the same reason set forth above in the analysis regarding exhaustion and procedural default, half of Wilson's new, federal, ineffective assistance claims are defaulted. His remaining, viable, arguments concerning his counsel pertain to the allegations of counsel's (a) failure to investigate and develop facts in preparation for his client's defense, (b) failure to present evidence to support his client's defense, and (c) failure to present evidence of the victim's bad behavior. *See supra* Part II-A.

First, with regard to counsel's duty to investigate and develop facts in preparation for his client's defense, in his affidavit, Wilson's trial counsel explained the steps he took to investigate and develop facts in preparation for trial. These included visiting and interviewing Wilson, discussing discovery material with him, and interviewing prospective witnesses. [Ex. 1 State Mot. to Dismiss at 2]. The Portsmouth Circuit Court, and subsequently the Supreme Court of Virginia, were satisfied that counsel's performance fell within the "wide range of reasonable professional assistance" required under *Strickland*, [Circ. Ct. Order at 3]; [Va. Sup. Ct. Order Den. Pet.], and there is no basis for this Court to believe that decision conflicted with constitutional or federal law, was an unreasonable application of constitutional or federal law, or was a violation of a constitutional or federal right. *Williams*, 529 U.S. at 389. As such this claim should be dismissed.

Second, with respect to counsel's duty to gather and present evidence to support his client's

8

defense, the same analysis as above applies. Given the strong presumption in favor of reasonable, professional, and effective assistance of counsel, *see Strickland*, 466 U.S. at 689, the Circuit Court rightly relied on trial counsel's affidavit detailing his efforts in defense of Wilson. In addition to the steps noted above, counsel researched the law on self defense and provocation, attempted to have the alleged victim interviewed, and rigorously cross-examined the alleged victim to the point of eliciting testimony regarding his provocative behavior on the day of the wounding. [Ex. 1 State Mot. to Dismiss at 1-3]. The Circuit Court, and consequently the Supreme Court of Virginia, found this to be within the range of reasonable professional assistance under *Strickland*, [Circ. Ct. Order at 3]; [Va. Sup. Ct. Order Den. Pet.], and there is no basis for this Court to believe the Supreme Court of Virginia's decision conflicted with constitutional or federal law, was an unreasonable application of constitutional or federal law, or was a violation of a constitutional or federal right. *Williams*, 529 U.S. at 389. As such this claim should be dismissed.

Third, Wilson argues that counsel had a duty to present evidence of the victim's alleged bad character under Virginia Code § 19.2-270.6. Again, relying on the *Strickland* standard and on trial counsel's affidavit, the Circuit Court was provided with sufficient grounds to deny Wilson's claim. As counsel aptly pointed out, Wilson never informed him of any individuals who could provide information regarding the victim's supposed repeated physical or psychological abuse of Wilson. [Ex. 1 State Mot. to Dismiss at 1-3]. Moreover, just because counsel *may* present evidence of abuse, does not mean he has to, or that he is ineffective if he does not. Counsel stated he had three alternative defenses, only one of which relied on self defense. *Id.* Once more, the Circuit Court's decision in favor of counsel's performance, as adopted by the Supreme Court of Virginia, [Circ. Ct. Order at 3]; [Va. Sup. Ct. Order Den. Pet.], is defensible and not clearly in conflict with constitutional or federal

law, an unreasonable application of constitutional or federal law, or a violation of a constitutional or federal right. *Williams*, 529 U.S. at 389. As such, claim one should be dismissed.

***Prosecutorial Misconduct***: Wilson states in his petition for § 2254 relief that his prosecutorial misconduct "claims are clearly expressed in the attached memorandum and arguments." [Pet. at 9]. This is simply not the case. Wilson makes scant reference to any alleged prosecutorial misconduct and what reference he does make grossly fails to meet the standards required by statute. The essence of his contention is found in the allegation that the government failed to disclose impeachment and exculpatory evidence. [Br. Supp. Pet. at 6] [Att. 1 Doc. No. 1]. Putting aside for the moment whether the government actually failed to make required disclosures, Wilson's allegation is inadequate because his claim is wholly conclusory and inconsistent. For example, Wilson states that his convictions should be reversed because "the evidence was material and the suppression of such did undermine the confidence in the outcome of the trial." *Id.* Not only is such a statement conclusory because it fails to suggest what the evidence is, or how, or why, it could have effected the outcome of his trial, it is also inconsistent because in the immediately preceding sentence he states that the information "*might* have been helpful in conducting a cross examination . . . ." *Id.* (emphasis added). If denial to access the alleged evidence was the cause of Wilson's purported injustice, how is it that the evidence is "material" yet only "might" be helpful? Wilson's conclusory allegations continue as he states that the "trier of fact relied on the credibility of the [alleged victim]" and the non-disclosure of evidence prejudiced his defense. *Id.* Again, this assertion is unsupported. The Circuit Court may have relied on a myriad of other evidence to convict Wilson, and the Supreme Court of Virginia would have been justified in later denying his state habeas appeal on those grounds. Regardless, in both instances, Wilson does not make any argument, much less a compelling one, as

to how this alleged aggrievement resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1)-(2) (2009). This Court's review being circumscribed according to the statute, it is sufficient to conclude that Wilson failed to show that the Supreme Court of Virginia conflicted with, violated, or unreasonably applied federal law in its denial of Wilson's petition for appeal of his state habeas claim. Thus, ground three should be dismissed.

*Trial Court Error*: As his last claim for relief, Wilson finally alleges that the trial court erred by violating his Fifth and Fourteenth Amendment rights. [Pet. at 11]; [Br. Supp. Pet. at 8]. The Court can make little sense of this claim. To support this allegation Wilson stated, "[p]etitioner argues that the instruction given by the trial court was unconstitutional as it relieved the state of its burden of proving the essential elements of the crime beyond a reasonable doubt in order to convict." [Br. Supp. Pet. at 8]. Wilson went on to say, "prejudice was asserted at this point in the trial, because of the court[']s intervening on behalf of the state." Presumably Wilson is referring to a jury instruction, in which case he might have a colorable claim, however, his trial was a bench trial. [State Convict. & Ref. Order at 1]. Unless Wilson is alleging the trial court openly relieved the Commonwealth of proving intent, this Court can make no sense of his argument. Yet, it is not this Court's function to speculate as to Wilson's, or any petitioner's, pleading. Unless Wilson can show that the Supreme Court of Virginia was clearly in violation of federal law, then this Court will not afford relief. With this allegation, there is no means by which Wilson has met the burden required by 28 U.S.C. § 2254 to prove a conflict with, violation of, or unreasonable application of federal law on the part of the

Virginia Courts. As such ground four should be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Wilson's petition for a writ of habeas corpus be DENIED and DISMISSED and the respondent's motion to dismiss be GRANTED. Wilson's Ground (2) should be DENIED because it was never adjudicated by the Supreme Court of Virginia and, even if the respondent waived the exhaustion requirement, a procedurally defaulted claim in state court serves as an adequate and independent procedural grounds by which to bar federal review. Wilson's Grounds (1), (3), and (4) should be DENIED because he failed to show a conflict with, violation of, or unreasonable application of facts, applied to federal law on the part of the Virginia state courts.

Wilson has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy

thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
January 4, 2010

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Clinton Lee Wilson, #339215, #1096811
Nottoway Correctional Center
P.O. Box 488
Burkeville, VA 23922


Donald E. Jeffrey, III, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                Fernando Galindo, Clerk

By _____
          Deputy Clerk

       January 5, 2010